UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENIA SONG,

                Plaintiff,

-against-

ASHLEY KRANZ,

                Defendant.

24-CV-3528  (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. She invokes the Court's diversity jurisdiction and asserts claims against an individual who is alleged to be an employee of a business in Santa Monica, California. On May 15, 2024, Plaintiff submitted an application that the Court understands to be an amended complaint and deems to be the operative complaint. (ECF 5.) For the following reasons, this action is transferred to the United States District Court for the Central District of California.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

    For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

Plaintiff alleges in the amended complaint that she resides or is located in "Dallas County," Texas, and that Defendant is in California.[1] (ECF 5 at 2.) Plaintiff alleges that Defendant Kranz contacted someone at the University of Pennsylvania about her and seems to assert that Defendant engaged in "assault, libel and slander." (*Id.* at 1.) Plaintiff seeks an order directing Defendant to "rectify the situation with [Plaintiff's] employer" (*id.* at 2), who is not identified.

Plaintiff does not reside in this district, and her complaint gives no indication that a substantial part of her claims against Defendant Kranz arose in this district. Plaintiff alleges that Defendant Kranz resides in Los Angeles, California, which is in the Central District of California. *See* 28 U.S.C. § 84.

Venue is proper in the Central District of California, where Defendant is alleged to reside. 28 U.S.C. § 1391(b)(1). The Court therefore transfers this action to the United States District Court for the Central District of California, 28 U.S.C. §§ 1404(a), 1406(a).[2]

## CONCLUSION

The Court construes Plaintiff's application received May 15, 2024 (ECF 5) as the amended complaint. The Clerk of Court is directed to transfer this action to the United States

---

[1] Plaintiff listed a Pennsylvania address for herself in her original complaint. Mail sent to Plaintiff at that address in another action was returned as undeliverable on May 3, 2024. *See Song v. Hoch*, No. 24-CV-02532. Although Plaintiff lists Texas as her place of residence in the amended complaint (ECF 5 at 2), she has not provided her Texas address. The Court therefore directs the Clerk of Court to also mail a copy of this order to Plaintiff at her address of record and at the Texas address that she listed for herself in another recent action, under docket number 24-CV-3820.

[2] The Court does not reach the question of whether venue was proper in this district because transfer would still be warranted even if venue were proper. *See, e.g.*, *Gerena v. Korb*, 617 F.3d 197, 204 (2d Cir. 2010) ("[W]hen a case is transferred for convenience under 28 U.S.C. § 1404(a), the law of the transferor state is to be applied so long as the transferor state could properly have exercised jurisdiction.").

District Court for the Central District of California, 28 U.S.C. §§ 1404(a), 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[3] A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Clerk of Court is directed to mail a copy of this order to Plaintiff at her address of record and also at the following address: 2001 Seminary Dr., Ft. Worth, TX 76115.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 22, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

---

[3] Plaintiff has not paid the filing fees or submitted a request to proceed *in forma pauperis*.